IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRITTANY HAIN,<br>      Plaintiff | No. 3:23cv1940 |
| v. | (Judge Munley) |
| LELAND DUDEK[1],<br>Acting Commissioner of the Social<br>Security Administration,<br>      Defendant | (Magistrate Judge Carlson) |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

During her childhood, Plaintiff Brittany Hain received supplemental security income ("SSI") benefits from the Social Security Administration ("SSA") pursuant to Title XVI of the Social Security Act. After a periodic review when Hain reached adulthood, SSA redetermined her eligibility for SSI benefits under the rules for disability applicable to those over the age of 18. As of December 1, 2020, the Commissioner of the SSA ("Commissioner") determined that Hain did not meet adult disability standards. (Docs. 8-1 to 8-8, (hereinafter "Tr.") at 17).

Hain set out to retain SSI benefits. She did not prevail on reconsideration before the state agency officer in 2021 and requested a hearing before an SSA administrative law judge ("ALJ"). One year later, in November 2022, the ALJ

---

[1] Pursuant to the Federal Rules of Civil Procedure, Leland Dudek, Acting Commissioner of the Social Security Administration, is automatically substituted for the original defendant Kilolo Kijakazi, who was the Acting Commissioner of the Social Security Administration when the plaintiff filed this action. See FED. R. CIV. P. 25(d).

determined that Hain was not disabled within the meaning of that definition applicable to adults. Subsequently, Hain requested review of the ALJ's decision with the SSA Appeals Counsel. In September 2023, the Appeals Counsel denied her relief and the ALJ's decision thus became the final decision of the Commissioner.

After issue exhaustion with the SSA, Hain now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. §1383(c)(3). (Doc. 1). Before the court is a Report and Recommendation ("R&R") by Magistrate Judge Martin C. Carlson. (Doc. 23). The R&R recommends that the decision of the Commissioner be affirmed and that this appeal be denied.

Hain filed an objection to the R&R on February 27, 2025. (Doc. 24). The government responded in opposition. (Doc. 25). This matter is thus ripe for a decision.

**Background**

SSA provides benefits to individuals who cannot work because of physical disabilities, mental disabilities, or due to a combination of both. See Biestek v. Berryhill, 587 U.S. 97, 98 (2019). Hain's conditions were detailed by the

magistrate judge with reference to the administrative record and portions of his summary are adopted after review of that record.[2]

Hain suffers from major depressive disorder, generalized anxiety disorder with panic attacks, and attention deficit hyperactivity disorder.[3] (Doc. 23 at 3). There is no dispute that her mental health and emotional impairments are immediate and pressing medical concerns.[4] (Id. at 4).

---

[2] Neither party objected to the recitation of facts set forth in the R&R, just Magistrate Judge Carlson's conclusions derived from those facts. To the extent that a significant portion of the R&R simply reviews the record without determinations, those background facts are accepted and adopted. See FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"). Nonetheless, the court understands that SSI is a needs-based system. Due to the issues involved, the court has reviewed the factual record carefully to understand Hain's physical and mental health diagnoses, her symptoms, and her treatment to address those symptoms. The court has also carefully reviewed Hain's medical records, documentation regarding her functional abilities, opinion evidence, and her testimony before the ALJ to understand the extent of her adult functioning.

[3] As reported to a clinician, Hain experienced trauma as a child: 1) her parents divorced; 2) her mother's boyfriend physically abused her; 3) she witnessed that same person abuse her mother; 4) her family members committed suicide; and 5) she experienced bullying in school. (Tr. 1166). As an adult, she felt abandoned by her father and was working with a counselor to address that issue during weekly psychotherapy sessions. (Tr. 1175, 1178, 1181, 1184).

[4] The ALJ also considered Hain's physical limitations related to migraine headaches, back pain, hypertension, hepatic steatosis, asthma, and obesity. (Tr. 19-20).

Hain treats regularly for her mental health diagnoses. (Id.) Her treatment includes medication.[5] (Id.) Her treatment also includes appointments with mental health professionals.[6] (Id.) The magistrate judge summarized as follows:

> From November 2019 through 2020, Hain's counseling notes indicated that she was experiencing only mild to moderate impairments, was making good or limited progress in counseling, and displayed a good capacity to respond well to treatment. (Tr. 720-29)... Throughout 2019 and 2020, she was described as being in stable condition; her thought processes were intact and logical; her memory was intact; and she displayed good judgment and insight. (Tr. 767-77).
>
> By January of 2021 it was reported that Hain's mental state had improved, and Hain stated: "I am feeling better now." (Tr. 813-15). Medication check notes from July and August 2021, also described Hain's condition as either stable or improved, and indicated that she showed fair judgment and insight, an intact memory, normal speech, and logical thought processes. (Tr. 884-91). While Pennsylvania Counseling Medication check records suggested a worsening of her condition in late 2021, (Tr. 992-98), by January of 2022, it was reported that her emotional state had improved, she displayed a calm mood, fair insight and judgment, and logical thought processes. (Tr. 998-90). By April of 2022, her condition was deemed stable, and she had fair insight and judgment, along with logical thought processes. (Tr. 1135-37).

---

[5] As of June 2022, that medication included ziprasidone, Lexapro, Strattera, and trazadone. (Tr. 1194).

[6] Hain treated at Pennsylvania Counseling Services from childhood into 2022. (Tr. 618-656, 719-784, 813-816, 884-956, 988-999, 1135-1138). She started treatment with Diakon Family Life Services in November 2021, which continued into 2022. (Tr. 479-493, 1008-1086, 1096-1115, 1148-1186).

4

> Hain also received counseling from Diakon Child, Family and Community Ministries from November of [2021] through April 2022. (Tr. 1004-1113). At intake, Hain's judgment and insight were deemed to be poor, (Tr. 1085), but it was noted that she consistently responded well to counseling and, by March 2022, it was stated that she was doing well and did a great job of completing her counseling assignments. (Tr. 1113).

(Id. at 4-5).

As for opinion evidence, the magistrate judge referenced evaluations by: 1) Dr. Thomas Fink, who performed a disability redetermination evaluation on Hain in November 2020, (Tr. 89-103); 2) Dr. John Gavazzi, who completed a psychiatric review technique relating to Hain in April 2021, (Tr. 833-50); and 3) Dr. Leah Bielski, who conducted a consultative examination of Hain in June 2020, (Tr. 1193-1205). Additionally, Hain received evaluations from Dr. Michael Mesaros and Dr. Ahmed Kneifati, who determined that Hain had the ability to perform light work with additional limitations. (Tr. 859-878).

The above matters were of record at the time the ALJ conducted a hearing in Hain's case on August 9, 2022. (See Tr. 38-72). A vocational expert testified during that hearing. Responding to questions posed by the ALJ about a hypothetical claimant with certain restrictions, that expert opined that such a claimant could perform three types of occupations listed in the Dictionary of Occupational Titles ("DOT") : 1) cleaner-housekeeper, DOT 323.687-014; 2) marker, DOT 209.587-034; 3) photocopying machine operator, DOT 207.685-

5

014.light work. (Tr. 64-66). Responding to similar questions posed by Hain's counsel, which presented increased hypothetical restrictions, that expert opined that such a claimant could perform sedentary work and similarly referenced the DOT for three occupations: 1) document preparer/microfilmer, DOT 249.587-018; 2) addresser, DOT 209.587-010; 3) table worker, DOT 739.687-182. (Tr. 66-69).

Following that hearing, the ALJ upheld the SSA's decision that Hain no longer met the definition of disabled. (Tr. 17-25). In doing so, the ALJ applied the five-step sequential analysis of 20 C.F.R. § 416.920(a) to assess Hain's entitlement to benefits. At Step One, a determination of present substantial gainful activity was inapplicable due to the redetermination of disability at age 18. (Tr. 18). At Step Two, the ALJ found that Hain had the following severe impairments: major depressive disorder, generalized anxiety disorder with panic attacks, attention deficit hyperactivity disorder, and obesity. (Tr. 19-20). At Step Three, however, the ALJ determined that none of those conditions met any of the Commissioner's listing criteria. (Tr. 20-22).

The ALJ also determined that Hain "has had the residual functional capacity [("RFC")] to perform light work…except that she may frequently operate foot controls and occasionally balance, stoop, kneel, climb, and crawl." (Tr. 22-23). The ALJ also determined that Hain "retains the mental capacity to understand, remember, and carry out tasks involving simple instructions and

make judgments on simple decisions in an environment with only occasional work setting, process, and tool changes. The claimant requires only occasional supervision and can tolerate occasional incidental interaction with others but cannot perform work in coordination with others, work requiring adherence to precise limits, tolerances, standards, work requiring one to direct, control, or plan the activities of others or perform fast-paced production rate work or work requiring hourly quotas." (Tr. 22-23).

In making the RFC determination, the ALJ considered Hain's medical records and the opinion evidence in her file along with the plaintiff's testimony and statements regarding her impairments. Before the ALJ, Hain testified about anxiety caused by interacting with other people in public. (Tr. 49-52). Such anxiety limited her out-of-house time to doctors' appointments. (Tr. 49). Hain also testified that she could not shop at stores due to a fear of being hurt. She told the ALJ that she suffered from suicidal and self-defeating thoughts at bedtime and experienced disordered sleep patterns. (Tr. 53). On the other hand, Hain stated at one point that she played Monopoly and games with her family, but at another point testified that she was "not good at counting money." (Tr. 57-58). Per Hain, anxiety about driving caused her driver's permit to lapse, so the plaintiff's mother drove her to appointments. (Tr. 49-50, 59). As of the time of the hearing with the ALJ, Hain's mother would write household chores for Hain to

7

perform on a whiteboard. (Tr. 59-60). Hain testified that she forgot to vacuum due to distractions or bad memories, would burn frozen pizzas when she attempted to prepare meals, and could not remember how to work a washing machine. (Tr. 60-61). Hain also testified that her anxiety and depression had gotten worse over the previous two years. (Tr. 62-63).

    Here, referencing Hain's treatment records and the opinion evidence, which were summarized above, the ALJ found that Hain's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]"[7] (Tr. 23-28).

    At Step Four, the ALJ noted Hain's lack of past relevant work. (Tr. 28). At Step Five, the ALJ determined based on Hain's age, education, work experience, and RFC, that there were jobs in significant numbers in the national economy that the plaintiff could perform. (Tr. 28-29). The ALJ referenced the positions listed for light work as described by the vocational expert during Hain's hearing. (Id.) Based upon these determinations, the ALJ found that Hain was no longer disabled as an adult. (Tr. 29).

---

[7] Hain objects to the ALJ's determination of her RFC of light work with additional limitations and the record related to that determination is discussed in more detail below.

Hain's request for judicial review challenges the ALJ's determinations regarding her symptoms and contends that the ALJ's RFC assessment lacked evidentiary support. Her objections to the R&R continue with that theme.

**Jurisdiction**

The court has federal question jurisdiction over reviews of SSA determinations. See 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); see also 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has her principal place of business....").

**Standards of Review**

 1. **Reports and Recommendations**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a de *novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

 2. **Judicial Review of SSA Decisions**

During judicial review of SSA determinations, the court must determine whether "substantial evidence" supports the ALJ's decision. See 42 U.S.C. § 405(g); Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). No matter the meaning of " 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek, 587 U.S. at 103.

Under this standard, "a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations." Id. at 102 (quoting Consol. Edison Co. of New York v. N.L.R.B.,

10

305 U.S. 197, 229 (1938)(emphasis deleted, brackets omitted). "[S]ubstantial evidence has been defined as 'more than a mere scintilla.' " Hagans, 694 F.3d at 292 (quoting Plummer, 186 F.3d at 427). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Biestek, 587 U.S. at 103 (quoting Consol. Edison, 305 U.S. at 229).

Moreover, substantial evidence exists only "in relationship to all the other evidence in the record," Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981), and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971). "When a conflict in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.' " Plummer, 186 F.3d at 429 (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)). The Commissioner, through the ALJ, must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008). Thus, a reviewing court must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

**Analysis**

Hain has filed objections to the R&R. Hain's objections boil down to three (3) main issues: 1) whether her mental health symptoms improved with treatment

or whether her symptoms remained debilitating; 2) whether her actual level of functioning is reflected in the ALJ's determination of her RFC; and 3) assuming a different RFC advanced by the plaintiff, whether she could perform a cleaner-housekeeper type job.

The court will address these issues below. However, after a *de novo* review, the court will adopt the R&R and affirm the decision of the Commissioner because the SSA's decision enjoys the support of substantial evidence.

### 1. Substantial Evidence Supports the ALJ's Description of Hain's Mental Health Symptoms

The ALJ noted that, per the medical records, Hain's mental health symptoms improved with treatment, including counseling and medication adjustments. Hain focuses on treatment records, which she argues demonstrates evidence of an opposite finding. (Doc. 24 at 1-2).

The court notes that disability hearings are meant to be inquisitorial rather than adversarial; ALJs act as examiners charged with developing the facts, not as lawyers for the administration or the claimant. See Biestek, 587 U.S. at 99; Sims v. Apfel, 530 U.S. 103, 110–11 (2000); Richardson v. Perales, 402 U.S. 389, 410 (1971). Consequently, the court should not reverse the Commissioner's findings merely because evidence may exist to support the opposite conclusion. See 42 U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (stating that courts may not weigh the evidence or substitute their own

conclusions for those of the fact-finder); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (indicating that when the ALJ's findings of fact are supported by substantial evidence, courts are bound by those findings, even if they would have decided the factual inquiry differently).

In their roles, ALJs are duty-bound to "develop the arguments both for and against granting benefits" from their investigation into the facts. Sims, 530 U.S. at 111 (citing Richardson, 402 U.S. at 400–01). Consequently, with an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966).

The ALJ's assessments of Hain's mental health diagnoses, prognoses, and treatment outcomes are supported by substantial evidence, particularly the records from the clinician performing the plaintiff's weekly telehealth counseling sessions dated between March and June 2022, which are not referenced in Hain's objection. (Tr. 1148-1184). In March 2022, the clinician reported that Hain experienced a panic attack at a grocery store. (Tr. 1157). But in April 2022, the clinician credited Hain as saying that anxiety symptoms and coping skills were improving. (Tr. 1148-49). Suicidal ideations were listed as a secondary

priority in Hain's treatment plan. (Tr. 1149). A record dated April 5, 2022 indicates that Hain experienced no distressing thoughts over the past week and identified "husband, kids, career, and dog" as things she wanted out of life. (Tr. 1160). Accordingly, the clinician administered an O*Net or occupational interests test. (Id.) Nothing in the records over the following few weeks identifies that Hain experienced any significant setbacks. (Tr. 1163-1168). In May 2022, Hain reported going out to eat with her mother and reporting 5/10 anxiety, but also admitting it was really more of a 2/10. (Tr. 1169). As of the last psychotherapy records available to the court from June 2022, Hain's therapist noted "evidence of emotional regulation and stability as compared to earlier sessions." (Tr. 1181). In the final record, Hain discussed increasing her dosage of trazadone, but, at the same time, the counselor noted progress in the plaintiff's empowerment and sense of accomplishment. (Tr. 1184). Consequently, Hain's arguments fall short.

## 2. Substantial Evidence Supports the ALJ's RFC Assessment

Hain also faults the ALJ in the RFC assessment. As translated to the present posture, Hain argues that the magistrate judge improperly found substantial evidence in her ability to care for a pet, prepare simple meals, play games on a computer, watch TV, and accomplish household chores listed for her on a whiteboard. (Doc. 24 at 2). Hain contrasts that with a function report she prepared in February 2021, approximately eighteen (18) months before her

14

hearing with the ALJ, and with similar statements that she made during her hearing testimony. (Id. at 2-3)(citing Tr. 49, 60, 425-27).

As indicated above, the ALJ specifically referenced Hain's self-completed function report and concluded that such "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (Tr. 23). Following that statement, the ALJ evaluated the evidence of record with four single-spaced pages of analysis referencing her medication management and psychotherapy records and the opinion evidence from Drs. Bielski, Mesaros, Fink, Gavazzi, and Kneifati, which contrasted plaintiff's self-reporting.[8] Having reviewed the exhibits referenced by the ALJ in the analysis, the ALJ's conclusions are supported by substantial evidence.

Hain also specifically faults the ALJ's failure to reference an opinion by Dr. Gavazzi that the plaintiff could only carry out one-to-two step tasks. (Doc. 24 at 3-4)(citing Tr. 850). The court finds that this argument lacks merit. After *de novo* review, the court agrees with Magistrate Judge Carlson's assessment of the situation and adopts it as the conclusion of the court:

> First, Dr. Gavazzi's own report provided scant support for these more extreme limitations since the doctor found that Hain experienced only mild impairments interacting with

---

[8] The ALJ also determined that two reports from doctors prior to Hain's eighteenth birthday were not persuasive. (Tr. 27-28).

15

> others, as well as understanding and remembering information, and found that Hain was moderately impaired in terms of concentration and adapting to workplace changes. (Tr. 845).
>
> Moreover, according to Dr. Gavazzi, Hain's activities of daily living were largely functional, and while she was moderately limited in her ability to engage in extended concentration, she was not otherwise significantly limited in most spheres of workplace conduct. (Tr. 848). These relatively benign findings did not compel further limitations of Hain to one or two step tasks. Instead, the overall medical consensus, which was well supported by the clinical records, was that Hain could perform simple tasks in a low stress environment.

(Doc. 23 at 30-31).

Moreover, another agency consultant, Dr. Fink determined that Hain was not significantly limited in carrying out detailed instructions or sustaining an ordinary routine without special supervision. (Tr. 98). He also opined that Hain's daily functions appeared reduced by motivational factors. (Tr. 100). A consulting examiner, Dr. Bielski, remarked that Hain had a mild limitation in her ability to understand and remember complex instructions. (Tr. 1199-1201). Bielski also noted Hain's mother's involved role in completing the plaintiff's activities of daily living, which under the circumstances, could be read favorably or unfavorably to a determination of disability.[9] (Id. 1196).

---

[9] The activities of daily living that Hain performs or could perform, per her reporting and testimony, involve more than one or two steps.

16

Furthermore, the ALJ took opinion evidence from Drs. Fink, Bielski, *and* Gavazzi and determined that the record supported "a finding of **moderate** limitations in each of the four broad areas of functioning[,]" that is, 1) understanding, remembering, or applying information; 2) interacting with others; 3) concentrating, persisting, or maintaining pace; and 4) adapting or managing oneself, see 20 C.F.R. § 416.920a(c) (Tr. 27)(emphasis added). Put another way, the ALJ took information from each of these opinions and weighed them more favorably to Hain's position, not less. Consequently, the ALJ did not ignore Gavazzi's opinions, but used that one piece of evidence in reaching conclusions along with the other evidence of record, while appropriately explaining how such conclusions were reached. Because the ALJ's determinations are supported by substantial evidence, Hain's objection will be overruled and the decision of the Commissioner will be affirmed.

### 3. Remand is Inappropriate Based on Hain's Arguments About the Cleaner-Housekeeper Position from an Adjusted RFC

Finally, in conjunction with Hain's arguments about Dr. Gavazzi's opinion limiting her to one-to-two step tasks, Magistrate Judge Carlson stated:

> In any event, even if we concluded that inclusion of a one to two step limitation would have been appropriate in Hain's RFC the plaintiff does not dispute the ALJ's finding that she could perform the job of a cleaner, housekeeping which involves a reasoning level of one and only required commonsense understanding to carry out simple one- to two- step tasks. DOT 323.687-014, 1991 WL 672783.

17

> Since the record indicates that this task alone would support a finding that Hain was not disabled, any error by the ALJ in not including this additional limitation is harmless on the facts of this case.

(Doc. 23 at 31-32).

Upon careful consideration, it appears that, following briefing by the parties, the magistrate judge took a close look at one of the positions from the DOT that was discussed by the vocational expert in Hain's disability hearing. (Tr. 64-66). Hain objects to this analysis.

Since the ALJ's RFC assessment is supported by substantial evidence, the court need not delve too deeply into the details here. What is clear from *de novo* review, however, is that Hain did not seek clarification of the cleaner-housekeeper position with her own questions to the vocational expert during the hearing before the ALJ. (Tr. 66-70). She did not alter the ALJ's hypothetical claimant in that regard or offer her own hypothetical claimant with limitations that reflected only an ability to complete one-to-two step tasks. Hain thus did not explore the nuances in the DOT regarding reasoning levels and interacting with the public that she explores before the court. Even if she did, the best outcome would be testimony from the vocational expert that such a job would have been precluded. This only goes so far. There were still five other occupations mentioned by the vocational expert. As indicated above, Hain could only obtain reversal here if the RFC ultimately used by the ALJ was not supported by

substantial evidence. The court concludes that it was. Under such circumstances, there is no basis for remand or reversal based on Hain's arguments relative to the cleaner-housekeeper occupation.

**Conclusion**

For the reasons set forth above, the R&R (Doc. 23) will be adopted and the decision of the Commissioner will be affirmed. The Clerk of Court will be directed to close this case. An appropriate order follows.

Date: 3/31/25

JUDGE JULIA K. MUNLEY
United States District Court